## 9434

### COMER v. ATLANTIC COAST LINE R. CO.

(90 S. E. 188.)

1. CARRIERS — CARRIAGE OF PASSENGERS — PRESUMPTION OF NEGLIGENCE FROM INJURY—QUESTION FOR JURY.—In a railroad passenger's action for injuries, the weight of evidence that plaintiff was injured by the road's instrumentality was for the jury under the rule that, if a passenger is injured by the instrumentality of the carrier, a presumption of negligence arises.

2. APPEAL AND ERROR—HARMLESS ERROR.—In a railroad passenger's action for injuries, where the jury found no punitive damages, an error, in permitting the claim therefor to go to the jury on insufficient evidence of wilfulness, was harmless.

3. CARRIERS — CARRIAGE OF PASSENGERS — CONTRIBUTORY NEGLIGENCE — DANGEROUS POSITION.—The fact that a passenger has been in a dangerous position does not give rise to the defense of contributory negligence, unless such position is the proximate cause of the injury.

4. CARRIERS — CARRIAGE OF PASSENGERS—CONTRIBUTORY NEGLIGENCE — QUESTION FOR JURY.—In a railroad passenger's action for injuries, weight of evidence that the train had stopped when the passenger attempted to alight, bearing on the contributory negligence of plaintiff, was for the jury.

5. APPEAL AND ERROR—HARMLESS ERROR—INSTRUCTION.—In a railroad passenger's action for injuries, where verdict for plaintiff for actual damages negatived the existence of wilfulness, error in a charge in reference to punitive damages on the ground of wilfulness was harmless.

6. CARRIERS—CARRIAGE OF PASSENGERS—ACTION FOR INJURIES—INSTRUCTION.—In a railroad passenger's action for injuries, the charge was sufficiently favorable to defendant that a passenger of a common carrier remains such until completely discharged from the conveyance of carriage, and, if a passenger is injured, while alighting from a car of a common carrier, by reason of the moving of the car without notice to such passenger, a presumption of negligence attaches, which can be rebutted by proof.

7. CARRIERS—CARRIAGE OF PASSENGERS—INJURIES—PROOF OF NEGLIGENCE.
—In a railroad passenger's action for injuries, if the jury found
that the train stopped and started again while passengers were
alighting without notice, they were warranted in finding that the
road was negligent.

Before WILSON, J., Columbia, April, 1915.    Affirmed.

Action by A. B. Comer against the Atlantic Coast Line
Railroad Company. From a judgment for plaintiff,
defendant appeals.

*Messrs. Barron, McKay, Frierson & Moffatt* and *P. A.
Willcox,* for appellant, submit: *There was no evidence show-
ing negligence, and cite as to momentary stop and then start-
ing before final stop to discharge passengers:* 55 S. C. 389;
77 S. C. 397; 127 Am. St. Rep. 509; 7 L. R. A. (N. S.)
1076; 60 N. W. 148; 41 Mo. App. 432; 118 S W. 46; 70
N. J. L. 795; 96 N. Y. Supp. 259; 115 S. W. 344; 11 S. E.
833; 47 Am. Rep. 566. *Passenger going into more dan-
gerous place:* 85 S. C. 219; 58 S. C. 496; 81 S. C. 100.
*Opening vestibule door before reaching place for discharge
of passengers:* 11 S. E. 832; 72 S. C. 114 & 339; 58 S. C.
491. *No duty to provide against plaintiff's unexpected
exposure of himself:* 83 Am. St. Rep. 302; 58 S. C. 491;
72 S. C. 339; 96 S. C. 228, 238. *Plaintiff's contributory
negligence:* 6 Cyc. 646; 26 Pa. Sup. Ct. 539; 42 N. Y. Supp.
710. *No evidence of wilfulness:* 96 S. C. 270, 275.
*Where submission of issue is harmless:* 92 S. C. 528; 96
S. C. 456; 90 S. C. 50; 86 S. C. 514; 40 S. C. 134. *Plain-
tiff's contributory negligence is only inference to be drawn
from the evidence:* 5 R. C. L., sec. 674; 3 Hutch. Carriers,
sec. 1197; 90 S. C. 42; 81 S. C. 100; 97 S. C. 465. *Absence
of invitation to alight:* 72 S. C. 114; 9 Rich. 84; 51 S. C.

FOOTNOTE.—As to presumption of negligence from injury to passenger,
see notes in L. R. A. 1916c, 364.

150; 61 S. C. 345; 62 S. C. 130; 83 S. C. 66; 85 S. C. 216 88 S. C. 223; 89 S. C. 122; 96 S. C. 456. *Charge on facts.* 47 S. C. 488, 524; 51 S. C. 453, 460, 461; 61 S. C. 556, 563; 65 S. C. 326, 331; 68 S. C. 153, 162; 71 S. C. 156, 158; 76 S. C. 49. *Presumption of carrier's negligence does not arise where passenger has divested himself of protection due him, or where there is an issue of fact as to the manner of the injury:* 85 S. C. 216; 81 S. C. 274; 96 S. C. 228; 58 S. C. 491; 72 S. C. 336; 6 Cyc. 631. *A sudden start of a car at a standstill does not raise a presumption of negli-gence:* 58 N. W. 434; 168 Fed. 628; 127 Am. St. Rep. 509; 99 S. W. 839; 96 N. Y. Supp. 259; 68 Pac. 978; 53 N. W. 915; 58 N. W. 49. *Verdict for actual damages excludes finding of wilfulness:* 77 S. C. 63; 85 S. C. 463; 101 S. C. 395.

*Messrs. Benet, Shand & McGowan,* for respondent, submit: *Whether presumption of negligence was rebutted was for the jury:* 62 S. C. 130; 88 S. C. 91; 60 S. C. 54; 57 S. C. 228; 75 S. C. 311; 86 S. E. 953; 3 Thomp. Negligence, secs. 2952, 2953, 2870, 3036; 76 Ill. App. 613; 13 S. W. 889; 120 Ala. 147; 43 L. R. A. 297; 51 S. C. 150; 24 N. E. 631; 134 Ill. 46. *Charge on care due passenger about to alight:* 57 S. C. 233; 60 S. C. 57; 91 S. C. 75; 86 S. E. 953; 101 S. C. 398; 88 S. C. 91, 92. *Inference as to contributory negligence:* 96 S. C. 456; 91 S. C. 71; 62 S. C. 130. *Waiver of objection to charge:* 92 S. C. 75; 95 S. C. 402; 100 S. C. 440; 102 S. C. 165.

*Mr. Lucian W. McLemore,* also for appellant, distinguishes: 60 S. C. 54; 51 S. C. 150; 62 S. C. 130; 88 S. C. 91; 75 S. C. 311; 80 S. C. 1.

July 3, 1916.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for damages for personal injury. The plaintiff complains: That he was a passenger on the defendant's train from Charleston, S. C., to Wilmington, N. C. That when the Charleston train arrived at Florence it was necessary to change trains. That as his train was approaching the station at Florence, the servants of the defendant came in the coach and announced, "The next stop is Florence." That he asked the porter to point out the Wilmington train, and he did so. That as the train was slowing down for the station, he put on his overcoat and gloves and went out on the platform with two grips in his hands. That before he did so the porter opened the door of the car and the vestibule doors on both sides. That the train stopped and he started down the steps. While descending the steps, the train started forward again "with more or less force," and he having baggage in both hands had no way to catch, and was thrown violently on the cement walk and injured.

The action was for negligence and wilfulness. The answer of the defendant denied that the train had stopped, and set up contributory negligence in going on the platform and alighting from a moving train. The jury found a verdict for actual damages. The defendant appealed on four exceptions.

1. "His Honor, the trial Judge, erred in overruling the defendant's motion for direction of verdict on the following grounds (a) That there was not sufficient evidence of negligence to support the allegations of the complaint; (b) that there was not sufficient evidence of wilfulness to sustain the cause of action for punitive damages; (c) the only reasonable inference to be drawn from the entire testimony was that plaintiff was guilty of contributory negligence in getting out on the platform of the moving train, regardless of the warnings given him and other passengers, and in attempting to alight from the car, laden with baggage, before

ascertaining properly whether the train had come to its usual stopping place."

(a) It is conceded by appellant that if a passenger is injured by an instrumentality of the carrier the presumption of negligence arises. There was evidence that the plaintiff was injured by the instrumentality of the defendant. Its weight was for the jury.

(b) The jury found no punitive damages, and an error as to punitive damages could not affect this case.

(c) The plaintiff was not injured on the platform. The fact that a passenger has been in a dangerous position does not give rise to the defense of contributory negligence, unless the dangerous position is the proximate cause of the injury. The latter part of this assumes that the train had not stopped. There was evidence that it had stopped. Its weight was for the jury.

2. "His Honor charged plaintiff's first request as follows: First. The jury is instructed that if a passenger on board a railroad train is in the act of leaving its car at a place of destination after notice by a train employe of the railroad company, that it is his destination, and the railroad company through its servants and agents in charge of said train, without warning to such passenger, recklessly and carelessly causes the said train to give a jerk or lurch forward, the said passenger, using due care to alight from said train, and said passenger is thereby injured in his person by being thrown to the platform, then the jury would be justified in law in awarding punitive or exemplary damages for personal injuries received. This is error since it imposes upon the carrier the duty to warn all passengers who might be alighting from its train of an impending jerk or lurch of the cars, regardless of the time and point of the passenger's debarkment."

This charge is in reference to punitive damages, and no punitive damages were found. The verdict negatives the existence of wilfulness. In a case of murder, where the jury find manslaughter, a misstatement as to malice is disregarded as the verdict negatives malice. This case differs from a case in which there is a nonsuit as to wilfulness, and also a case in which the plaintiff withdraws the demand for a verdict based on wilfulness. Wilfulness is not withdrawn in either case. Where there is a nonsuit at the close of plaintiff's testimony, the testimony of the defendant may show it, and wilfulness is still in the case and is effective to destroy the defense of contributory negligence. Where the demand for a verdict based on wilfulness is withdrawn, wilfulness is still in the case to defeat contributory negligence. Where the question of wilfulness is submitted to the jury along with the question of negligence, and a verdict is found for negligence alone, the presence of wilfulness is found against the plaintiff, and it is ineffective in the case for any purpose. The appellant admits this in another part of its argument, when it says:

"The jury found actual damages against the defendant, which excludes the idea that the injury was wilfully inflicted." *Doster* v. *Telegraph Co.,* 77 S. C. 63, 57 S. E. 671; *Mills* v. *Railroad Co.,* 85 S. C. 463, 67 S. E. 565.

In the Mills case it is said:

"It is true the verdict being for compensatory damages only, excludes the idea that the injury was wilfully inflicted."

An error, if there is error, as to wilfulness, cannot affect this case.

3. "His Honor charged plaintiff's fourth request, as follows: 'Fourth. A passenger of a common carrier remains a passenger until finally and completely discharged from the conveyance of carriage, and if a passenger is injured while alighting from the car of a common carrier by reason of the moving of the car, without notice

to such passenger, the presumption of negligence attaches. I charge you that. That is only a presumption that can be rebutted by proof.' This constituted error in that (a) said request constitutes a charge on the facts of the case, since it designates to the jury that the moving of the car without warning to the passenger who might be alighting is presumptive evidence of negligence; (b) the request is not sound law, since it imposes upon the carrier the duty to warn all passengers who might be alighting from its trains of an impending movement of the cars, regardless of time and place of passengers' debarkment; (c) said request is erroneous in that the presumption of negligence does not arise where the passenger is riding in a place not intended for him, and such presumption should not be charged where there is an issue as to whether the passenger, by being voluntarily in a place of danger, divests himself of the protection due a passenger by the carrier; (d) it was error to charge presumption of negligence where there was an issue of fact as to manner in which Comer sustained his injury."

This exception cannot be sustained. It was more favorable to defendant than the charge sustained in *McKittrick* v. *Traction Co.*, 88 S. C. 97, 70 S. E. 416. In that case this Court says:

"This exception cannot be sustained, for the reason that it cannot be successfully contended that the moving of the car was not an agency or instrumentality of the defendant. The evidence above quoted shows that the request did not refer to a passenger jumping from a car, already in motion, but to a passenger thrown while alighting, in the ordinary way, by the carrier's initial act of moving the car."

In this case the words "without notice" were added, and this was more favorable to defendant.

4. "The defendant moved for a new trial on the ground that the only inference to be drawn from the testimony from which the finding of the jury had excluded the element of

wilfulness, was that plaintiff was guilty of contributory negligence, and, consequently, the verdict could not be sustained. His Honor, the trial Judge, erred in refusing the motion, since, with the question of wilfulness of the defendant eliminated, the only conclusion that could reasonably be drawn from the entire testimony was that of plaintiff's contributory negligence."

This exception cannot be sustained. If the jury believed that the train stopped and started again, while passengers were alighting, without notice, they were warranted in finding that the defendant was negligent, and the fact that the plaintiff had previously been in a position of danger did not amount to contributory negligence, unless it was the proximate cause of the injury.

The judgment is affirmed.

MR. JUSTICE GAGE did not participate in the consideration of this case.